# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KEVIN EDWARDS (#385216)**                                    **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN**                                               **NO. 13-0757-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Kevin Edwards, challenges his convictions and sentences, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery and one count of first degree robbery. The petitioner asserts (1) that Louisiana Code of Criminal Procedure article 788(B), which permits individual state courts to devise, by local rule, their own "system of simultaneous exercise of challenges" to potential jurors, is unconstitutional, and (2) that he was provided with ineffective assistance of counsel at trial in several respects.

From a review of the petitioner's application, supporting memorandum, and attached exhibits, it appears that the petitioner was tried by jury in July, 2007, and found guilty as charged on one count of armed robbery and one count of first degree robbery.[1] The State of Louisiana thereafter filed a bill of information charging the petitioner to be a multiple offender and, after a hearing conducted in January, 2008, the petitioner was determined to be a fourth felony offender

---

1. The Court does not have before it a certified copy of the state court record relative to proceedings conducted in the state courts. Notwithstanding, the petitioner has provided, as exhibits to his application, numerous pleadings filed in the state courts, and the Court has relied upon that documentation, which it finds to be adequate to support the determination made herein.

and was sentenced, on May 6, 2008, to serve ninety-nine (99) years in confinement in connection

with the armed robbery charge and forty (40) years in confinement in connection with the first

degree robbery charge, with these sentences to be served concurrently.  According to the

petitioner, he appealed these convictions and sentences to the Louisiana Court of Appeal for the

First Circuit, asserting (1) that the sentences were excessive, and (2) that to the extent that

consideration of that claim was foreclosed by his attorney's failure to file a motion to reconsider

the sentences in the state trial court, his attorney had provided ineffective assistance by failing to

do so.  Pursuant to decision dated March 27, 2009, the appellate court affirmed the convictions

and sentences.  *See State v. Edwards,* 5 So.3d 1061, 2009 WL 839533 (La. App. 1st Cir. 2009).

The petitioner's subsequent application for supervisory review before the Louisiana Supreme

Court was denied on January 8, 2010.  *See State v. Edwards,* 24 So.3d 858 (La. 2010).  Upon the

petitioner's failure to seek further review in the United States Supreme Court, his convictions

and sentences became final on April 8, 2010, upon passage of the 90-day period allowed for him

to seek such review.

      Approximately five months later, on or about September 22, 2010,[2] the petitioner filed an

---

2.  Although the date that the petitioner's application for post-conviction relief was docketed in the state trial court is not clear from the petitioner's exhibits, the United States Court of Appeals for the Fifth Circuit has concluded that federal habeas courts within the State of Louisiana must apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings.  Accordingly, pleadings submitted by a habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for filing, not on the date that the pleadings are ultimately docketed by the receiving court.  *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012).  Accordingly, inasmuch as the petitioner apparently signed his state court application on September 22, 2010, *see* Rec. Doc. 1-4 at p. 54, and presumably gave it to prison officials for mailing on that date, this Court will utilize that date as the date of the petitioner's filing.  In addition, in hereafter referencing the dates of filing of the petitioner's various pleadings in the state courts, the Court will utilize, if ascertainable, the dates

2

application for post-conviction relief in the state trial court, asserting that he was denied the right to appellate review and to a complete copy of the record, that the prosecution was allowed more peremptory strikes of potential jurors than is allowed by state law, that the prosecution utilized its peremptory strikes in a discriminatory manner, that the prosecution vouched for the credibility of State witnesses, that the trial court provided an erroneous instruction to the jury relative to the offense of armed robbery, that he was denied the right of confrontation, and that he was provided with ineffective assistance of counsel in several respects. *See* Rec. Doc. 1-4. After proceedings were conducted in connection with that application, the state trial judge denied the petitioner's claims on or about September 4, 2012. According to the petitioner, the Ruling denying his application was mailed to the petitioner by the state trial court on September 5, 2012, was received at the Louisiana State Penitentiary on September 6, 2012, and was delivered personally to the petitioner on September 7, 2012. *See* Rec. Doc. 1-3 at p. 29. The petitioner then filed an application for supervisory review before the Louisiana Court of Appeal for the First Circuit. By his own admission, however, he did not file this application until October 8, 2012, more than thirty days after the date of the state court's Ruling. *See Id.* The First Circuit Court thereafter denied the petitioner's writ application without comment on December 3, 2012. *See* Rec. Doc. 1-5 at p. 13. According to the petitioner, the referenced Ruling of the appellate court was received at the Louisiana State Penitentiary on December 4, 2012, and was delivered to the petitioner personally on December 5, 2012. *See* Rec. Doc. 1-3 at p. 30. The petitioner then applied for supervisory review before the Louisiana Supreme Court.

---

that the petitioner signed the respective pleadings or submitted them to prison officials for mailing.

Again, however, the petitioner's representations and exhibits reflect that he filed this application, at the earliest, on January 4, 2013, and at the latest on January 7, 2013, more than thirty days after the mailing of the intermediate appellate court's ruling.[3] The petitioner's application was thereafter denied by the Louisiana Supreme Court, without comment, on July 31, 2013. *See* Rec. Doc. 1-5 at p. 12.

Finally, on or about November 20, 2013, approximately four months after the denial of the petitioner's writ application by the Louisiana Supreme Court, the petitioner filed the instant application for habeas corpus relief in this Court. Based upon the foregoing, the Court concludes that the application is untimely.[4]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

---

3. The petitioner's application to the Louisiana Supreme Court is dated January 4, 2013, and the petitioner states therein that he is filing same on that date "by placing same in the hands of the Classification Officer assigned to his Unit." *See* Rec. Doc. 1-3 at pp. 30 and 57. Notwithstanding, the Court notes that also included among the petitioner's exhibits is a Request for Legal/Indigent Mail which is signed by the petitioner and a prison classification officer and is dated January 7, 2013, several days later. *See* Rec. Doc. 1-3 at p. 17.

4. A district court is permitted to consider, *sua sponte*, the timeliness of a petitioner's habeas corpus petition, provided that notice and an opportunity to respond is afforded to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The Court hereby advises the petitioner that this Report constitutes notice that this Court is *sua sponte* raising the issue of timeliness, and the Court further advises the petitioner that, in accordance with 28 U.S.C. § 636(b)(1), he has a period of fourteen (14) days from the date of service of this Report to file written objections to the proposed findings of fact and conclusions of law herein, and he may submit any evidence or argument he may have concerning the timeliness issue in connection with such written objections.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> \* \* \* \*

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final on April 8, 2010, ninety days after entry of the judgment of conviction and upon his failure to file a writ of certiorari in the United States Supreme Court. The petitioner did not thereafter interrupt the running of the limitations period until his filing, on or about September 22, 2010, of an application for post-conviction relief in the state trial court. Accordingly, a period of one hundred sixty-seven (167) days of un-tolled time elapsed on the one-year time clock during that interval.

Upon the filing of the petitioner's post-conviction relief application on September 22, 2010, the limitations period became tolled, and it remained tolled until September 4, 2012, on which date the state trial court entered a Ruling denying the petitioner's post-conviction relief application. The time also remained tolled for an additional thirty (30) days thereafter, or until October 4, 2012, because Rule 4-3 of the Louisiana Uniform Rules, Courts of Appeal, allowed

the petitioner a period of thirty (30) days from "the date of the ruling at issue" within which to file a timely application for supervisory review in the Louisiana appellate court.[5] Notwithstanding, on October 4, 2012, upon passage of the allowable time to seek supervisory review in the intermediate appellate court, the one-year clock commenced again because, "[a]t the point when the [30-day] state limitations period expired, a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in state court." *Melancon v. Kaylo*, *supra*, 259 F.3d at 407. Accordingly, when the petitioner did not submit his application for supervisory writs for filing with the First Circuit Court until October 8, 2012, thirty-*four* days after the date of the trial court's ruling, an additional period of four (4) days of un-tolled time elapsed because his application ceased to be "pending" within the meaning of § 2244 on October 4, 2012, the last day upon which he could have timely sought review before the First Circuit Court.

Although the petitioner's late-filed application for supervisory review in the intermediate appellate court was untimely, the filing of the application again interrupted the limitations period, and the limitations period remained tolled during the time that the writ application was pending before the intermediate appellate court. This is because Rule 4-3 of the Uniform Rules of the Louisiana Courts of Appeals has been interpreted by the federal courts to require that an intermediate appellate court give "some level of judicial review" to an untimely writ application. *See Melancon v. Kaylo, supra*, 259 F.3d at 405, *citing Villegas v. Johnson*, 184 F.3d 467, 470 n. 2 (5th Cir. 1999). Thus, although untimely, the petitioner's late-filed writ application in the

_____

5. The petitioner apparently suffered from a mistaken belief that he had thirty days from the date of *receipt* of the referenced Ruling of the state trial court to submit his writ application to the intermediate appellate court.

intermediate appellate court was "pending" for consideration before that court and so again tolled the running of the one-year limitations period, and it remained tolled during the time that the writ was pending before the First Circuit Court. *Melancon v. Kaylo, supra*, 259 F.3d at 407.

Upon denial of the petitioner's writ application by the First Circuit Court on December 3, 2012, the petitioner then had thirty (30) days from the date of "mailing" of the notice of judgment, or until January 2, 2013, within which to file a timely application for supervisory review before the Louisiana Supreme Court. *See* Louisiana Supreme Court Rule X, § 5(a).[6] Again, however, the petitioner failed to do so, admittedly waiting until at least January 4, 2013, to place his writ application "in the hands of the Classification Officer assigned to his Unit." As discussed below, this failure proves fatal to the petitioner's claims before this Court.

In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo, supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review. *See* Louisiana Supreme Court Rule X, § 5(a). This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted." As a

_____

6. For the purpose of this Report, it is presumed, in the absence of evidence to the contrary, that the Louisiana Court of Appeal for the First Circuit followed its own Rules and mailed the Notice of Judgment to the petitioner on the date that the Judgment was rendered. *See* Uniform rules, Courts of Appeal, Rules 4-6, 2-17.1, and 2-17.2. *See also Roland v. Cain*, 2014 WL 1365306, *5 n. 3 (W.D. La. April 4, 2014). This presumption is further supported by the petitioner's assertion that the referenced Notice of Judgment was received at the Louisiana State Penitentiary on December 4, 2012, the day after the Judgment was issued. *See* Rec. Doc. 1-3 at p. 30. In the event that the petitioner maintains that the Notice of Judgment was mailed on some date other than December 3, 2012, he should provide this Court with proof thereof.

result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that Court. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines"). Accordingly, the pendency of the petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period. *Williams v. Cain, supra*. Thus, this Court is required to count against the time clock the period between January 2, 2013, the last day allowed to the petitioner to seek timely review in the Louisiana Supreme Court, and November 20, 2013, the date of filing of his federal habeas corpus petition in this Court. This results in a finding that an additional three hundred twenty-two (322) days of un-tolled time elapsed during which the petitioner did not have pending before the state courts any properly filed application for post-conviction or other collateral relief.

When the one hundred sixty-seven (167) days of un-tolled time that elapsed between the finality of the petitioner's convictions and the filing of his application for post-conviction relief in the state district court are added to the four (4) additional days of un-tolled time that elapsed between the resolution of his post-conviction proceeding in the state district court and his filing

of an untimely writ application in the intermediate appellate court, and are then added to the three hundred twenty-two (322) days of un-tolled time that elapsed between the conclusion of proceedings in the intermediate appellate court and his filing of a habeas corpus application in this Court, it is clear that more than one year, or a total of four hundred ninety-three (493) days, elapsed during which the petitioner did not have any properly-filed post-conviction relief proceedings pending before the state courts. Accordingly, the petitioner's application in this Court is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the

petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra*, 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* ___ U.S. ___, 133 S.Ct. 1633 (2013). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649-50.

In the instant case, as noted above, the petitioner mistakenly believed that he had thirty days from *receipt* of the September 4, 2012, Ruling of the state trial court on post-conviction review, and thirty days from *receipt* of the December 3, 2012, decision of the intermediate appellate court denying supervisory review, to apply for consideration before the next higher court. Instead, pursuant to the clear language of the respective appellate courts' rules, the petitioner had only thirty days from the date of *signing* of the trial court's Ruling and thirty days

from the date of *mailing* of the appellate court's notice of judgment. As a result of this mistake, the petitioner's writ applications before the respective appellate courts were untimely. As noted above, however, the petitioner's mere ignorance of the law and his mere mistake in calculating the filing deadlines do not warrant the application of equitable tolling. Moreover, the petitioner has not shown that he acted diligently in pursuing his post-conviction relief proceedings in the state courts. First, his admitted action in waiting until the very last permissible day (by his erroneous calculations) to mail his writ applications to the respective state appellate courts does not reflect diligent conduct. *See*, *e.g., Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) ("We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry"); *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir. 2007) (declining to find equitable tolling where the petitioner's attorney waited until the last possible day and then experienced computer problems which prevented timely filing). Further, upon conclusion of the petitioner's state post-conviction relief proceedings, through denial of his writ application by the Louisiana Supreme Court on July 31, 2013, the petitioner then waited an additional extended period, until November 20, 2013, to file the instant federal habeas corpus proceeding. This delay of almost four months is additional compelling evidence of a failure to act diligently and with alacrity in pursuing his federal rights. *See Pace v. DeGuglielmo*, *supra*, 544 U.S. at 419 (2005) (diligence not shown where the petitioner waited five months after the finality of post-conviction relief proceedings to file a federal petition); *Baker v. Cain*, 2008 WL 3243993, *3 (5th Cir. 2008) (diligence not shown where the petitioner "waited approximately four months to file a federal petition after the Louisiana Supreme Court denied relief"); *Kelly v. Quarterman*, 260 Fed. Appx. 629 (5th Cir.

2007) (same, with four-month delay); *Melancon v Kaylo*, *supra,* 259 F.3d at 408 (same, with four-month delay). Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application. The petitioner's application, therefore, should be denied as untimely.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed

as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 20, 2014.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KEVIN EDWARDS (#385216)                                        CIVIL ACTION

VERSUS

N. BURL CAIN                                                          NO. 13-0757-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 20, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**