UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEVIN EDWARDS (#385216)                          CIVIL ACTION

VERSUS
                                                 NO. 13-0757-JJB-RLB
N. BURL CAIN

**RULING AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

This matter is before the court for consideration of the Report and Recommendations of United States Magistrate Judge Richard L. Bourgeois, Jr., dated June 20, 2014 (doc. 5) recommending sua sponte that petitioner's application for habeas corpus relief be dismissed as untimely. The plaintiff filed an objection to the Report and Recommendation (doc. 6).

The Magistrate Judge recommends that the petitioner's application for habeas corpus relief be dismissed as untimely because 493 days of un-tolled time had passed when it was filed. Under 28 U.S.C. § 2244(d), a person in custody pursuant to a State court judgment has one year after the date on which his sentence becomes final to file a federal habeas corpus claim. 28 U.S.C. § 2244(d)(1). The period of limitations is tolled while a properly filed application for State post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Petitioner waited 167 days after his conviction became final to file a post-conviction relief application with the state trial court. After being denied relief, the petitioner filed a writ application four days late with the First Circuit Court. After the First Circuit denied his application, the petitioner filed an untimely application with the Louisiana Supreme Court, which did not toll the period of limitation because as untimely, it was improperly filed. Three hundred twenty-two days of un-tolled time passed before petitioner filed his application for habeas corpus with this court, resulting in a total of 493 days of un-tolled time. The Magistrate Judge found that the petitioner was not entitled to

1

statutory tolling under 28 U.S.C. §2244(d)(1)(B) or equitable tolling. The Magistrate Judge correctly cites the applicable law.

Plaintiff filed an objection in which he argues that he is entitled to equitable tolling because he had to rely on the Classification Officer to mail his writ applications (doc. 6). The Court finds the petitioner's argument unconvincing. To be entitled to equitable tolling, the petitioner must demonstrate that extraordinary circumstances beyond his control stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). Although the actions of the Classification Officer were beyond his control, they are not extraordinary circumstances because the petitioner knew the officer made rounds on certain days and could have planned accordingly. Also, if the petitioner had mailed the writ applications when he alleges they were ready, they still would have been untimely. Petitioner alleges that the writ application to the First Circuit was completed Friday, October 5, 2012, but his deadline for appellate review was October 4, 2012. Petitioner states that his application to the Louisiana Supreme Court was completed on Friday, January 4, 2013, but his deadline to appeal was January 2, 2013.

For these reasons, the Court agrees with the Magistrate Judge that petitioner's application for habeas corpus is untimely. The court also finds that the Magistrate Judge's Report and Recommendation gave the petitioner notice and gave him an opportunity to respond.

Accordingly, the Court hereby **AFFIRMS and ADOPTS** the Magistrate Judge's Report and Recommendations (doc. 5). Consistent with it, the Court **DISMISSES** petitioner's application for habeas corpus relief as untimely.

Signed in Baton Rouge, Louisiana, on July 10th, 2014.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

2